─────────────── ₀

### G. B. RITCHIE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 5, 1905.)

#### No. 3,502.

CUSTOMS DUTIES—CLASSIFICATION—FLAX NOILS—WASTE.

Flax noils are dutiable as waste, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 463, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679], and not under Schedule J, par. 326, 30 Stat. 180 [U. S. Comp. St. 1901, p. 1661], as "tow of flax," by similitude.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,560, T. D. 24,963, which affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by G. B. Ritchie & Co.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The Board of General Appraisers has correctly found that the merchandise in question is flax noils. It was assessed for duty as tow of flax, under paragraph 326 of the act of July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 180 [U. S. Comp. St. 1901, p. 1661]. It is claimed as dutiable as "waste not specially provided for," under paragraph 463, Schedule N, of said act 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679]. The uncontradicted testimony taken in this court is to the effect that the merchandise is not flax tow, and is flax waste. The only question, then, is whether the article is dutiable as flax tow by similitude. Inasmuch as there is a specific enumeration covering waste, the similitude clause cannot be applied. Arthur's Executors v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, 31 L. Ed. 643.

The decision of the Board of General Appraisers is reversed.